ORIGINAL

1 Gary A. Nye, Esq. (SBN 126104)
2 David R. Ginsburg, Esq. (SBN 210900)
  **ROXBOROUGH, POMERANCE, NYE & ADREANI LLP**
3 5820 Canoga Avenue, Suite 250
4 Woodland Hills, California 91367
  Telephone:  (818) 992-9999
5 Facsimile:  (818) 992-9991
  Email:       gan@rpnalaw.com
6              drg@rpnalaw.com
7
8 Attorneys for Plaintiffs,
  INTERNATIONAL FIDELITY INSURANCE COMPANY,
9 ALLEGHENY CASUALTY COMPANY
  and AIA HOLDINGS, INC.
10

FILED
3:44 PM
CLERK, U.S. DISTRICT COURT
SEP 25 2009
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

11 **UNITED STATES DISTRICT COURT**

12 **CENTRAL DISTRICT OF CALIFORNIA**

13 INTERNATIONAL FIDELITY
14 INSURANCE COMPANY, a New
   Jersey corporation, ALLEGHENY
15 CASUALTY COMPANY, a
16 Pennsylvania corporation, and AIA
   HOLDINGS, INC., a Delaware
17 corporation,
18
19                Plaintiffs,
20
   vs.
21
   UNITED STATES DEPARTMENT
22 OF HOMELAND SECURITY, JANET
   NAPOLITANO, in her capacity as
23 SECRETARY OF UNITED STATES
24 DEPARTMENT OF HOMELAND
   SECURITY, UNITED STATES
25 DEPARTMENT OF THE
26 TREASURY, TIMOTHY GEITHNER,
   in his capacity as SECRETARY OF
27 THE TREASURY,
28
                Defendants.

CASE NO.
CV09-7012 JFW (FFMx)

**COMPLAINT FOR**
**(1) INJUNCTIVE RELIEF;**
**(2) DECLARATORY RELIEF;**
**AND (3) FOR JUDICIAL**
**REVIEW OF AGENCY ACTION**

IIS
60

---
1
**COMPLAINT**

1    Pursuant to jurisdiction afforded under 28 U.S.C. 1331 and 5 U.S.C. 701, *et*

2    *seq.*, Plaintiffs INTERNATIONAL FIDELITY INSURANCE COMPANY, a New

3    Jersey corporation ("International Fidelity"), ALLEGHENY CASUALTY

4    COMPANY, a Pennsylvania corporation ("Allegheny") and AIA HOLDINGS,

5    INC., a Delaware corporation ("AIA") (collectively referred to as the "Plaintiffs")

6    allege against Defendants UNITED STATES DEPARTMENT OF HOMELAND

7    SECURITY ("DHS"), JANET NAPOLITANO, SECRETARY OF UNITED

8    STATES DEPARTMENT OF HOMELAND SECURITY ("DHS Secretary"),

9    UNITED STATES DEPARTMENT OF THE TREASURY ("Treasury"), and

10   TIMOTHY GEITHNER, SECRETARY OF THE TREASURY ("Treasury

11   Secretary") (collectively referred to as the "Defendants") as follows:

12   **I.    PARTIES**

13       1.    International Fidelity is incorporated in New Jersey.  It is engaged,

14   *inter alia*, in the business of posting immigration bonds with DHS for, among other

15   things, the release of aliens from detention pending a determination of the alien's

16   immigration status.

17       2.    Allegheny is incorporated in Pennsylvania.  It is engaged, *inter alia*, in

18   the business of posting immigration bonds with DHS for, among other things, the

19   release of aliens from detention pending a determination of the alien's immigration

20   status.

21       3.    AIA is headquartered in Calabasas, California and is incorporated in

22   Delaware.  Pursuant to a written agreement, AIA is charged with the complete

23   administration, service, collection of premiums, and underwriting of all immigration

24   bonds posted on behalf of International Fidelity and Allegheny.  AIA is ultimately

25   financially responsible for any and all of International Fidelity's and Allegheny's

26   obligations to DHS pursuant to any immigration bonds posted by International

27   Fidelity and Allegheny.  AIA maintains all of its records and conducts more than

28   90% of its business operations in Calabasas, California.

1    4.    DHS is responsible for the detention and release of aliens subject to

2    detention.  As such, it accepted immigration bonds posted by International Fidelity

3    and Allegheny permitting the release of aliens from detention pending a

4    determination of the alien's immigration status.

5    5.    The DHS Secretary is responsible for overseeing and managing DHS.

6    6.    Treasury is statutorily authorized to collect debt that is <u>properly and</u>

7    <u>legally</u> referred to Treasury by creditor government agencies pursuant to the Debt

8    Collection Improvement Act of 1996 ("DCIA").  Creditor government agencies, in

9    this case DHS, submit government claims to the Treasury for collection pursuant to

10   the DCIA and including, but not limited to, collection by administrative offset under

11   applicable statutes and regulations.

12   7.    The Treasury Secretary is responsible for overseeing and managing

13   Treasury.

14

15   **II.   JURISDICTION**

16   8.    This District Court has jurisdiction of this civil action pursuant to 28

17   U.S.C. 1331 and 5 U.S.C. 701, *et seq*. (the "Administrative Procedure Act" or

18   "APA").

19   9.    The Defendants have expressly waived sovereign immunity pursuant to

20   5 U.S.C. 702 in that this action seeks purely equitable relief against Federal

21   Agencies and their officers acting in their official capacity.

22

23   **III.   VENUE**

24   10.    Venue is proper in the Central District of California under 28 U.S.C.

25   1391(e)(3) because, under 28 U.S.C. 1391(c), International Fidelity and Allegheny

26   conduct substantial immigration bond business in this district, and AIA, the party

27   that services all of Allegheny's and International Fidelity's immigration bond

28   business and the party that is ultimately financially responsible for all of the

1   immigration bond debt that is the subject of this complaint, conducts virtually all
2   of its immigration bond business and maintains its principal place of business in
3   this central district and in this judicial district.  No real property is involved in the
4   action.

5

6   **IV.    BACKGROUND FACTS**

7       11.    International Fidelity and Allegheny are related companies that share
8   many resources and have some common ownership.

9       12.    In or about February 2009, at the request of AIA, counsel for
10  International Fidelity and Allegheny, on the one hand, and counsel for DHS on the
11  other, were engaged in discussions to resolve a large number of bonds that had been
12  posted with DHS by International Fidelity.

13      13.    During these discussions, counsel for International Fidelity and
14  Allegheny requested that DHS provide it an analysis of Allegheny invoices that
15  were claimed to be due so that these bonds could be included in the ongoing
16  discussions.  Counsel for DHS informed counsel for International Fidelity and
17  Allegheny for the very first time that the debt purportedly owed on the Allegheny
18  immigration bonds had been sent to Treasury for collection pursuant to the DCIA.

19      14.    In addition, and without being provided a fair and reasonable
20  opportunity to discuss the debt, a number of bonds posted on behalf of International
21  Fidelity that were not included in a final settlement agreement reached between
22  International Fidelity and DHS, were also subsequently sent by DHS to Treasury for
23  collection pursuant to the DCIA.  `

24      15.    As it now stands, DHS has referred to Treasury approximately
25  $765,750 in penal debt ($879,458 including penalties and interest) purportedly owed
26  by International Fidelity on approximately 77 International Fidelity bonds.  A list of
27  those bonds is attached hereto as Exhibit "A."  DHS has also sent to Treasury
28  approximately $255,500 in penal debt ($298,487.80 including interest and penalties)

1   purportedly owed by Allegheny on approximately 20 Allegheny bonds.  A list of

2   those bonds is attached hereto as Exhibit "B."  Pursuant to DHS' referral of the

3   purported Allegheny and International Fidelity debt, Treasury has and continues to

4   seek collection from International Fidelity and Allegheny of this debt by all means

5   provided for by the DCIA.

6        16.   On March 30 and April 24, 2009, counsel for International Fidelity and

7   Allegheny wrote Treasury to advise it, among other things, that DHS failed to

8   comply with the requirements of the DCIA, including but not limited to, the

9   requirements of 31 U.S.C. 3716(a) and 6 CFR 11.4 and 31 CFR 901.3.

10        17.   31 U.S.C. 3716(a) mandates that:

11       "[a]fter trying to collect a claim . . . the head of an executive, judicial,

12       or legislative agency may collect the claim by administrative offset.

13       The head of the agency may collect by administrative offset only after

14       giving the debtor:

15           (1)   written notice of the type and amount of the claim, the

16       intention of the head of the agency to collect the claim by

17       administrative offset, and an explanation of the rights of the debtor

18       under this section;

19           (2)   an opportunity to inspect and copy the records of the

20       agency related to the claim;

21           (3)   an opportunity for a review within the agency of the

22       decision of the agency related to the claim; and

23           (4)   an opportunity to make a written agreement with the head

24       of the agency to repay the amount of the claim."

25        18.   6 CFR 11.4 is a DHS regulation addressing administrative offset.

26   Pursuant to 6 CFR 11.4, DHS has adopted 31 CFR 901.3, which mandates

27   that:

28

1    "offsets may be initiated only after the debtor . . . [h]as been sent

2    written notice of the type and amount of the debt, the intention of the

3    agency to use administrative offset to collect the debt, and an

4    explanation of the debtor's rights under 31 U.S.C. 3716; and . . . [t]he

5    debtor has been given . . . (1) [t]he opportunity to inspect and copy

6    agency records related to the debt; (2) [t]he opportunity for a review

7    within the agency of the determination of indebtedness; and (3) [t]he

8    opportunity to make a written agreement to repay the debt."

9         19.    On and after May 2009, counsel for International Fidelity and

10   Allegheny received communications from various collection agencies that had been

11   hired by Treasury to collect debt purportedly owed by Allegheny, International

12   Fidelity and/or AIA.  Treasury had apparently assigned or otherwise outsourced

13   collection of the purported debt to these various collection agencies including, but

14   not limited to, Diversified Collection Services, Inc., Pioneer Credit Recovery,

15   Linebarger, Goggan, Blair & Sampson, LLP, Progressive Financial Services and

16   The CBE Group ("Treasury Collection Agencies").

17        20.    On and after May 2009, counsel for International Fidelity and

18   Allegheny sent a series of letters to the Treasury Collection Agencies to advise

19   them, among other things, that DHS failed to comply with the requirements of the

20   DCIA including, but not limited to, 31 U.S.C. 3716(a), 6 CFR 11.4 and 31 CFR

21   901.3.

22        21.    In these letters, counsel for International Fidelity and Allegheny

23   informed the Treasury Collection Agencies that prior to this debt being referred to

24   Treasury, International Fidelity and Allegheny notified both DHS and Treasury that

25   they dispute the purported debt and believe that they have significant defenses to

26   payment.  Counsel noted that the process of DHS referring the purported debt to

27   Treasury, and then Treasury referring the purported debt to the Treasury Collection

28   Agencies for collection, occurred (1) without notice to International Fidelity and

1    Allegheny, (2) without DHS providing written documentation supporting its claim

2    on the immigration bond(s), and (3) despite International Fidelity's and Allegheny's

3    attempts to review and discuss the debt with DHS.

4        22.    Counsel also noted that if DHS had followed the applicable statutes and

5    regulations, the subject debt would have been substantially reduced, resolved, or

6    litigated some time ago.  Counsel advised that this debt would never have arrived at

7    the Treasury Collection Agencies for collection had International Fidelity and

8    Allegheny received notice and a meaningful "opportunity to inspect and copy the

9    records relating to the debt" and an "opportunity to enter into a written repayment

10   agreement."  Counsel noted that DHS' purported certification of this debt (if any)

11   was incomplete, inaccurate, and/or unreliable, and requested that all further

12   collection activity by Treasury and the Treasury Collection Agencies in connection

13   with the purported debt be immediately suspended unless and until DHS complies

14   with its obligation to properly certify the claimed debt.

15       23.    Counsel requested that the debt be returned to the DHS so that the

16   DHS may comply with its obligations prior to referring the debt to Treasury

17   pursuant to the DCIA.  Counsel noted that if International Fidelity and Allegheny

18   did not receive an acceptable response to the administrative nightmare that DHS

19   caused through its premature referral of the claimed debt, then International Fidelity

20   and Allegheny intended to assert their legal right to challenge the DHS' claim in

21   connection with the disputed immigration bonds (and the DHS' conduct in refusing

22   to provide International Fidelity and Allegheny with the documentation to support

23   the claimed debt) by filing suit in the appropriate Federal District Court.

24       24.    Counsel repeated that International Fidelity and Allegheny would like

25   to resolve or litigate the merits of the claimed debt, but that they could not be forced

26   to pay claimed debt without an opportunity to review the documentation supporting

27   the debt.

28

25.     In subsequent letters, counsel for International Fidelity and Allegheny noted that DHS (and the predecessor INS) often fail to properly breach immigration bonds and/or overlook information in its own files that would have supported a cancellation, rather than a breach of the bond.  Counsel also noted that it is (and has been) the desire of International Fidelity and Allegheny to promptly pay what it owes, but not be stripped of its due process rights and forced (through unlawful collection threats) into paying what it does not owe.

26.     To date, Treasury continues to attempt to collect the purported debt through the Treasury Collection Agencies pursuant to the DCIA, and has threatened litigation and expressed its intention to collect the disputed debt by administrative offset.

## COUNT I – INJUNCTIVE RELIEF – FAILURE TO COMPLY WITH DEBT COLLECTION IMPROVEMENT ACT OF 1996

27.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 26 above.

28.     When DHS refers a debt to Treasury for collection pursuant to the DCIA, DHS must follow the statutory and regulatory requirements of 31 U.S.C. 3716(a), 6 CFR 11.4 and 31 CFR 901.3.

29.     DHS has failed to comply with these statutory and regulatory requirements as set forth above.  DHS' purported referral of the Allegheny and International Fidelity immigration bond debt (Exhibits "A" and "B") pursuant to the DCIA is therefore invalid and DHS, Treasury and the Treasury Collection Agencies should be enjoined from undertaking any collection activity, including, but not limited to, administrative offset against Plaintiffs.  DHS is free to file suit against the Plaintiffs to collect the disputed debt, but said action would be an action to collect on the immigration bonds, and not based upon the unlawful collection attempts pursuant to the DCIA.

1    30.   DHS' referral of the subject debt to Treasury for collection pursuant to

2    the DCIA should be withdrawn, and not renewed unless and until such time as DHS

3    complies with the applicable statutes and regulations and/or the disputed bond

4    breach debt is adjudicated.

5    31.   DHS' referral of the subject debt to Treasury for collection and

6    Treasury's continuing attempt to collect the purported debt, Treasury's threatened

7    litigation and its expressed intention to collect the disputed debt by administrative

8    offset, individually and collectively, represent a continuing harm to Plaintiffs, and a

9    threat of substantial, real, immediate and irreparable injury to Plaintiffs.  The actions

10   of DHS and Treasury have already harmed Plaintiff's reputation, and will continue

11   to do so.

12   32.   Plaintiffs have no adequate remedy at law.  Treasury has unlawfully

13   added "collection fees" to the amount purportedly owed, and now threatens to seize

14   the purported debt and these additional fees based on DHS' illegal referral of the

15   purported debt to Treasury under the DCIA.  Money will be seized without Plaintiffs

16   being given the opportunity to inspect and copy the DHS' records related to its

17   claim and obtain judicial review of DHS' bond breach determinations, as discussed

18   in Count IV of this complaint.  Further, a suit for monetary damages will not stop

19   collection efforts and will not result in withdrawal of DHS' illegal referral of the

20   purported debt to Treasury.  Only an injunction will.

21   33.   Plaintiffs are likely to prevail on the merits.  In addition, Plaintiffs have

22   raised serious questions going to the merits and the balance of hardships tips sharply

23   in favor of the Plaintiffs.  To that end, DHS and Treasury will not be harmed if an

24   injunction is issued since DHS can collect payment on any bonds that are

25   adjudicated as due and owing.

26   **COUNT II – INJUNCTIVE RELIEF – INSPECTION AND COPYING OF**

27   **DHS' AGENCY RECORDS RELATED TO THE DISPUTED BONDS**

28   34.   Plaintiffs reallege and incorporate by reference Paragraphs 1 through

9
**COMPLAINT**

1    33 above.

2      35.    31 U.S.C. 3716(a), 6 CFR 11.4 and 31 CFR 901.3 require, among other

3 things, that DHS provide Plaintiffs the opportunity to inspect and copy DHS'

4 agency records related to the disputed bonds that form the basis of the purported

5 debt the Defendants claim is owed.

6      36.    Prior to DHS' referral of the debt to Treasury for collection pursuant to

7 the DCIA, DHS failed to provide Plaintiffs the opportunity to inspect and copy

8 DHS' agency records related to the disputed bonds. Despite multiple and

9 continuing requests by Plaintiffs, DHS continues to fail to provide Plaintiffs the

10 opportunity to inspect and copy DHS' agency records.

11      37.    DHS should be compelled to allow Plaintiffs to inspect and copy

12 agency records related to the disputed bonds that form the basis of the purported

13 debt the Defendants claim is owed.

14      38.    DHS' referral of the subject debt to Treasury for collection without

15 affording Plaintiffs due process and an opportunity to inspect and copy the DHS'

16 records related to its claim represents a continuing harm to Plaintiffs, and a threat of

17 substantial, real, immediate and irreparable injury to Plaintiffs. To that end,

18 Treasury is continuing its collection activity even though DHS failed to follow its

19 statutory and regulatory requirements to allow Plaintiffs an opportunity to inspect

20 and copy DHS' records related to its claim prior to referring the purported debt to

21 Treasury under the DCIA.

22      39.    Plaintiffs have no adequate remedy at law. Treasury has added

23 "collection fees" to the amount purportedly owed, and now threatens to seize the

24 purported debt and these additional fees based upon DHS' illegal referral of the

25 purported debt to Treasury under the DCIA. Money will be seized without Plaintiffs

26 being given the opportunity to review the documents and obtain judicial review of

27 the bond breach determinations as discussed in Count IV of this complaint. Further,

28 a suit for monetary damages will not force DHS to comply with its statutory and

1 regulatory obligations and allow Plaintiffs an opportunity to inspect and copy DHS'
2 records related to its claim.  Only an injunction will.

3    40.    Plaintiffs are likely to prevail on the merits.  In addition, Plaintiffs have
4 raised serious questions going to the merits and the balance of hardships tips sharply
5 in favor of the Plaintiffs.  To that end, DHS and Treasury will not be harmed if an
6 injunction is issued since DHS can collect payment on any bonds that are
7 adjudicated as due and owing.

8    **COUNT III – DECLARATORY RELIEF**

9    41.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through
10 40 above.

11    42.    Plaintiffs contend that (1) DHS has failed to comply with the applicable
12 statutes and regulations including, but not limited to, the DCIA, before seeking to
13 collect purported debt from Plaintiffs by and through Treasury, (2) DHS has failed
14 to provide Plaintiffs the opportunity to inspect and copy DHS' agency records
15 related to the disputed bonds, and (3) any attempt by Treasury to collect purported
16 debt from Plaintiffs pursuant to the DCIA and related statutes and regulations is
17 invalid and improper.

18    43.    Plaintiffs are informed and believe and thereon allege that the
19 Defendants dispute these contentions and contend to the contrary, as evidenced by
20 Treasury's continued attempt to collect the purported debt, the continued attempts
21 by the Treasury Collection Agencies to collect the purported debt, and DHS'
22 continued refusal to withdraw the referral to Treasury and comply with the
23 aforementioned statutes and regulations.

24    44.    An actual controversy exists between Plaintiffs, on the one hand, and
25 the Defendants on the other.  Pursuant to the Declaratory Judgment Act, 28 U.S.C.
26 2201, Plaintiffs seek a declaration of their rights and other legal relations with
27 respect to the above issues.

28

45.    A judicial declaration of the rights and duties of the parties is necessary and appropriate at this time to resolve this controversy and to guide the future conduct of the parties.

46.    Plaintiffs contend that they are entitled to recover from the Defendants reasonable attorneys' fees pursuant to statute including, without limitation, the Equal Access to Justice Act, 5 U.S.C. 504, on the ground that the actions of the Defendants were not substantially justified.

## COUNT IV – JUDICIAL REVIEW OF (1) DHS' REFERRAL OF THE PURPORTED DEBT TO TREASURY
## AND (2) DHS' BOND BREACH DETERMINATIONS

47.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 46 above.

48.    Pursuant to the Administrative Procedure Act, 5 U.S.C. 701, *et seq.* Plaintiffs have been aggrieved by the agency action of DHS in referring the purported debt to Treasury.  Specifically, DHS failed to comply with the DCIA, including, but not limited to, 31 U.S.C. 3716(a) and 6 CFR 11.4 and 31 CFR 901.3.

49.    In referring the purported debt to Treasury, DHS acted unlawfully, arbitrarily, capriciously and in excess of its statutory jurisdiction, authority and limitations.  DHS failed to observe the procedure required by law, abused its discretion, and otherwise failed to act in accordance with the law.  Its actions were unwarranted by the facts.  Accordingly, its actions, findings, and conclusions should be set aside.

50.    Pursuant to the Administrative Procedure Act, 5 U.S.C. 701, *et seq.* Plaintiffs have also been aggrieved by the agency action of DHS in breaching various bonds posted by International Fidelity and Allegheny.  Specifically, DHS' bond breach determinations have resulted in a purported debt owed by Plaintiffs. DHS has now forwarded this purported debt to Treasury for collection pursuant to the DCIA, as described above.  In turn, Treasury has attempted to collect the

purported debt through the Treasury Collection Agencies.  Although Plaintiffs have limited information concerning the disputed bonds, and, as noted above, are seeking to inspect DHS' files concerning these bonds, Plaintiffs are informed and believe and thereon allege that DHS failed to comply with the following requirements prior to breaching the disputed bonds and/or Plaintiffs have the following defenses to the bond breach determinations:

(1)     DHS is required to send an I-340 to the Agent when the I-352 indicates that the Agent's address is to be utilized for notice purposes.  DHS failed to do so;

(2)     DHS' delay in sending the Surety an I-340 for removal more than one hundred and eighty (180) days after a final order of removal excuses the Surety's obligations under the immigration bond;

(3)     DHS' failure to send the Surety a fully completed Amwest Questionnaire with every demand (I-340) excuses the Surety's obligations under the immigration bond;

(4)     DHS' conduct in notifying the alien of his surrender date in advance of notification to the Surety excuses the Surety's obligations under the immigration bond;

(5)     DHS' failure to notify the Surety of an amended OSC/NTA containing additional charges levied against the bonded alien excuses the Surety's obligations under the immigration bond;

(6)     The Surety is excused from its obligation to produce a bonded alien for removal when the bonded alien was incarcerated (in-custody) on the date of the demand;

(7)     DHS is required to provide the Surety with the right to inspect the bonded alien's "A" File to determine the propriety of a purported breach of an immigration bond;

1      (8)    DHS' failure to send the Surety notice of breach of a voluntary

2 departure bond within 180 days of the breach excuses the Surety's obligations

3 under the voluntary departure bond;

4      (9)    When an Immigration Judge orders a bonded alien to post a voluntary

5 departure bond, DHS is required to notify the Surety so that the Surety can mitigate

6 its monetary exposure by posting the voluntary departure bond;

7      (10)   When BIA issues an order setting a new date for the bonded alien's

8 voluntary departure, DHS is required to notify the Surety of the new date imposed

9 by BIA so that the Surety is aware of the modified obligation imposed under the

10 voluntary departure bond;

11      (11)   When an Immigration Judge grants a bonded alien voluntary

12 departure, and the Immigration Judge neglects to order the bonded alien to post a

13 voluntary departure bond, DHS is required to cancel the delivery bond; and

14      (12)   Plaintiffs have other miscellaneous defense(s) they will be able to

15 identify once Plaintiffs are given the opportunity to review DHS' files pertaining to

16 the claimed bond breaches.

17      51.    In determining the disputed bonds to be breached, DHS acted

18 unlawfully, arbitrarily, capriciously and in excess of its statutory jurisdiction,

19 authority and limitations.   DHS failed to observe the procedure required by law,

20 abused its discretion, and otherwise failed to act in accordance with the law.   Its

21 actions were unwarranted by the facts. Accordingly, its actions, findings, and

22 conclusions should be set aside.

23      WHEREFORE, Plaintiffs pray for judgment against the Defendants, and

24 each of them, as follows:

25      1.    For an order restraining and enjoining Treasury and the Treasury

26 Secretary from undertaking any further collection action pursuant to the DCIA

27 against Plaintiffs unless and until DHS has fully complied with the statutory

28 prerequisites required by the DCIA and related statutes and regulations;

2.    For an order compelling DHS and the DHS Secretary to withdraw their referral to Treasury of the disputed debt for collection pursuant to the DCIA;

3.    For an order compelling DHS and the DHS Secretary to comply with all applicable statutes and regulations before forwarding the disputed debt to Treasury for collection pursuant to the DCIA;

4.    For an order compelling DHS and the DHS Secretary to allow Plaintiffs to inspect and copy agency records related to the purported debt;

5.    For a declaration adjudging that the items in dispute as set forth herein are to be determined in favor of Plaintiffs;

6.    For an order postponing the effective date of any agency action of the Defendants and preserving the status and/or rights of Plaintiffs pending resolution of this case;

7.    For an order setting aside DHS' referral of the purported debt to Treasury;

8.    For an order setting aside or rescinding DHS' bond breach determinations and/or cancelling the disputed bonds;

9.    For reasonable attorneys' fees in an amount to be determined pursuant to statute including, without limitation, the Equal Access to Justice Act, 5 U.S.C. 504;

10.    For all costs incurred by Plaintiffs to date, and to be incurred by Plaintiffs hereafter in connection with this action; and

11.    For such other and further relief as the court deems just or equitable.

Dated: September 25, 2009    ROXBOROUGH, POMERANCE, NYE & ADREANI LLP

By _____
    GARY A. NYE
    Attorneys for Plaintiffs, INTERNATIONAL
    FIDELITY INSURANCE COMPANY,
    ALLEGHENY CASUALTY COMPANY
    and AIA HOLDINGS, INC.

EXHIBIT "A"

EXHIBIT A
INTERNATIONAL FIDELITY BONDS

| Debtor | ALIEN REG NBR | ALIEN LAST NAME | POWER NBR | Breach Date | BILL NBR | BILL DATE | PENALTY AMOUNT | CURRENT BALANCE DUE |
|---|---|---|---|---|---|---|---|---|
| IFIC | 027946925 | CASTILLO-GARCIA | IX12635 | 4/4/2007 | DMC7B1683 | 18-Jul-07 | $3,000.00 | $3,662.50 |
| IFIC | 088116829 | CALERO-MEJIA | IV1504 | 4/4/2005 | DMC6B0690 | 11-Jan-06 | $3,500.00 | $4,750.43 |
| IFIC | 096129778 | DABRE | IV0933 | 4/18/2007 | DMC7B1673 | 11-Jul-07 | $5,000.00 | $5,993.89 |
| IFIC | 098042152 | ALANEID | IV1314 | 7/11/2007 | BFC8B0190 | 16-Nov-07 | $12,000.00 | $13,666.67 |
| IFIC | 098045290 | AGUILAR-CONTRERAS | IV1305 | 8/21/2007 | BFC8B0444 | 20-Dec-07 | $7,500.00 | $8,601.67 |
| IFIC | 097831396 | SANTANA | IV1301 | 1/2/2008 | BFC8B0970 | 06-Mar-08 | $11,000.00 | $12,266.30 |
| IFIC | 099655268 | CAMARA | IV1718 | 6/3/2008 | BFC8B1890 | 08-Aug-08 | $5,000.00 | $5,290.00 |
| IFIC | 098045008 | MEDINA-AGUILERA | IV1388 | 7/24/2008 | BFC9B0130 | 14-Oct-08 | $1,500.00 | $1,575.25 |
| IFIC | 088139153 | MOMANYI | II30K1150 | 9/15/2008 | BFC9B0274 | 21-Nov-08 | $5,000.00 | $5,133.75 |
| IFIC | 096128148 | MICHAEL | IV1376 | 6/8/2006 | DMC6B1961 | 25-Jul-06 | $10,000.00 | $12,382.23 |
| IFIC | 098045305 | SOARES-LEAO | IV1367 | 6/17/2008 | BFC8B2029 | 08-Sep-08 | $10,000.00 | $10,442.50 |
| IFIC | 075776762 | LIANG | IV0359 | 3/8/2006 | DMC6B1500 | 15-May-06 | $5,000.00 | $6,439.99 |
| IFIC | 075776709 | FENG | IX20268 | 9/11/2006 | DMC7B0393 | 28-Dec-06 | $5,000.00 | $6,334.73 |
| IFIC | 076559337 | GREENE | IZ4390 | 1/4/2008 | BFC8B1032 | 21-Mar-08 | $6,500.00 | $7,259.39 |
| IFIC | 076498660 | CHEN | IV-0376 | 8/25/2008 | BFC9B0256 | 21-Nov-08 | $15,000.00 | $15,361.25 |
| IFIC | 074584346 | REYES-REYES | IX19722 | 4/10/2007 | DMC7B1581 | 28-Jun-07 | $2,500.00 | $3,105.96 |
| IFIC | 078347094 | TOUSSAINT | CP109150 | 6/30/2004 | DMC7B0089 | 06-Nov-06 | $10,000.00 | $12,121.11 |
| IFIC | 079336237 | KOSTENCOVSKI | CP107278 | 3/28/2005 | DMC7B0088 | 06-Nov-06 | $10,000.00 | $12,121.11 |
| IFIC | 097451265 | GARCIA-ESPERANZA | CP12005 | 5/2/2007 | DMC7B1839 | 20-Aug-07 | $5,000.00 | $5,928.34 |
| IFIC | 079334730 | HERNANDEZ-CRUZ | CP108468 | 9/1/2007 | BFC8B0318 | 14-Dec-07 | $5,000.00 | $5,786.93 |
| IFIC | 085452495 | PATEL | CP107694 | 7/19/2007 | BFC8B0494 | 11-Jan-08 | $12,500.00 | $14,155.41 |
| IFIC | 095454824 | BULKU | CP108279 | 10/26/2007 | BFC8B0495 | 11-Jan-08 | $12,500.00 | $14,155.41 |
| IFIC | 079369745 | ALIAJ | CP107252 | 11/15/2007 | BFC8B0694 | 07-Feb-08 | $5,000.00 | $5,682.91 |
| IFIC | 076514114 | SINGH | CP108328 | 2/6/2006 | BFC8B1198 | 18-Apr-08 | $30,000.00 | $32,876.67 |
| IFIC | 079048061 | SULAJ | CP107484 | 2/20/2008 | BFC8B1260 | 25-Apr-08 | $10,000.00 | $10,997.51 |
| IFIC | 079235584 | CACAJ | CP107300 | 2/14/2008 | BFC8B1269 | 25-Apr-08 | $2,500.00 | $2,816.88 |
| IFIC | 079691261 | GIRALDO-SOTO | CP107658 | 2/27/2008 | BFC8B1339 | 08-May-08 | $5,000.00 | $5,513.89 |
| IFIC | 079690295 | PATEL | CP107425 | 3/25/2008 | BFC8B1516 | 28-May-08 | $5,000.00 | $5,483.33 |
| IFIC | 079812195 | KAUR | CP108329 | 5/15/2008 | BFC8B1735 | 18-Jul-08 | $30,000.00 | $32,012.50 |
| IFIC | 96418254 | XHEMALI, ELTON | CP108261 | 10/31/2008 | | 15-Jan-09 | $2,500.00 | $2,506.46 |
| IFIC | 074983889 | WARIEBI | II15K1106 | 2/25/2008 | BFC8B1406 | 16-May-08 | $6,000.00 | $6,586.00 |
| IFIC | 034082271 | AVELAR | IZ4943 | 5/2/2007 | DMC7B1820 | 13-Aug-07 | $10,000.00 | $11,706.11 |
| IFIC | 028586712 | SALINAS-FERNANDEZ | IV1097 | 9/10/2008 | BFC9B0348 | 05-Dec-08 | $10,000.00 | $5,035.42 |
| IFIC | 095282169 | COLTEANU | IZ4874 | 12/29/2005 | DMC6B1040 | 03-Mar-06 | $10,000.00 | $12,752.23 |
| IFIC | 096012569 | SERPA | IZ4931 | 2/9/2007 | DMC7B1029 | 03-May-07 | $10,000.00 | $12,029.44 |

16

EXHIBIT A
INTERNATIONAL FIDELITY BONDS

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| IFIC | 091366450 | MERCEDES-PICHARDO | IV-0256 | 9/13/2006 | DMC7B0627 | 22-Feb-07 | $15,000.00 | $18,250.83 |
| IFIC | 074853519 | KOSTA | IX-20009 | 12/1/2005 | DMC6B0869 | 01-Feb-06 | $5,000.00 | $6,594.43 |
| IFIC | 075807810 | MARTINEZ | IX20119 | 5/19/2006 | DMC6B1866 | 06-Jul-06 | $3,000.00 | $3,947.33 |
| IFIC | 075776267 | LIN | IZ4261 | 7/21/2006 | DMC7B0487 | 16-Jan-07 | $10,000.00 | $12,356.66 |
| IFIC | 027504822 | FERNANDEZ | IZ-4134 | 11/30/2006 | DMC7B0743 | 05-Mar-07 | $7,500.00 | $9,217.50 |
| IFIC | 075776757 | WANG | IV0356 | 5/7/2007 | DMC7B1827 | 13-Aug-07 | $5,000.00 | $5,938.06 |
| IFIC | 036428357 | THOMAS | IV0280 | 3/29/2007 | DMC7B1854 | 20-Aug-07 | $25,000.00 | $28,961.66 |
| IFIC | 074894005 | ADALUSI | IX-20034 | 5/10/2007 | BFC8B0202 | 21-Nov-07 | $3,000.00 | $3,517.50 |
| IFIC | 074863547 | MORIAS DA SILVA | IX20094 | 10/2/1998 | BFC8B0418 | 20-Dec-07 | $4,000.00 | $4,648.23 |
| IFIC | 076579616 | LIN | IZ4272 | 10/26/2007 | BFC8B0676 | 25-Jan-08 | $6,000.00 | $6,831.33 |
| IFIC | 076579618 | YU | IZ4265 | 1/3/2008 | BFC8B1332 | 02-May-08 | $6,000.00 | $6,621.67 |
| IFIC | 075776256 | CHEN | IZ-4196 | 6/25/2008 | BFC9B0087 | 14-Oct-08 | $10,000.00 | $10,331.67 |
| IFIC | 035977071 | KOUSSAN | CP-103788 | 9/11/2007 | BFC8B0150 | 16-Nov-07 | $45,000.00 | $50,865.00 |
| IFIC | 079054852 | YANG | IV0927 | 10/28/2005 | DMC6B0733 | 18-Jan-06 | $20,000.00 | $25,359.99 |
| IFIC | 096186163 | ZHEN | IV0928 | 8/9/2007 | BFC8B0490 | 04-Jan-08 | $10,000.00 | $11,369.73 |
| IFIC | 013945612 | WLIZLO | 19635 | 2/9/2007 | DMC7B1397 | 27-Jun-07 | $2,000.00 | $2,523.34 |
| IFIC | 027490170 | MASON | IZ5070 | 7/25/2007 | DMC7B2035 | 28-Sep-07 | $5,000.00 | $5,864.17 |
| IFIC | 96450538 | GRIJALVA-LOPEZ, ELMER | IX21801 | 10/3/2008 | | 05-Jan-09 | $5,000.00 | $5,012.92 |
| IFIC | 098941295 | HENRY | IV1613 | 5/2/2007 | DMC7B1639 | 11-Jul-07 | $20,000.00 | $23,435.56 |
| IFIC | 097959916 | MASA SINCHIRE | IV1322 | 7/11/2007 | DMC7B2003 | 24-Sep-07 | $10,000.00 | $11,579.44 |
| IFIC | 097959635 | GAMEZ | IV1415 | 9/17/2007 | BFC8B0618 | 18-Jan-08 | $7,500.00 | $8,525.21 |
| IFIC | 096109962 | CHERY | IV1523 | 7/2/2008 | BFC9B0021 | 14-Oct-08 | $7,500.00 | $7,756.25 |
| IFIC | 079422449 | CRUZ-MOREJON | IZ5636 | 7/7/2007 | BFC8B0043 | 16-Oct-07 | $10,000.00 | $11,508.33 |
| IFIC | 077237349 | BUSTILLO-SANDOVAL | IX20191 | 3/26/2007 | DMC7B1977 | 14-Sep-07 | $2,500.00 | $3,021.80 |
| IFIC | 027725563 | TORRES-COLON | CP69757 | 7/8/2004 | DMC6B1652 | 01-Jun-06 | $43,750.00 | $53,704.73 |
| IFIC | 77529262 | GUADALUPE | IX22024 | | | | $5,000.00 | $5,012.92 |
| IFIC | 88086377 | PINTADO, CARLOS J. | II15K1307 | | | | $15,000.00 | $15,000.00 |
| IFIC | 88134972 | BOJORIGUEZ GARCIA, MARTIN | II6K1088 | | | | $3,000.00 | $3,007.75 |
| IFIC | 094789719 | MORALES | IX21979 | | | | $5,000.00 | $6,236.95 |
| IFIC | 097656520 | LATTUF-DIAZ | IX21695 | | | | $5,000.00 | $6,437.77 |
| IFIC | 037331225 | GORDON | CP-107608 | | | | $20,000.00 | $24,356.66 |
| IFIC | 035969068 | FAGAN | IZ-4644 | | | | $10,000.00 | $11,892.77 |
| IFIC | 037212227 | LEWIS | CP104024 | | | | $15,000.00 | $17,690.00 |
| IFIC | 042158015 | DEOLALL | 102568 | | | | $25,000.00 | $29,356.66 |
| IFIC | 078965753 | HERNANDEZ-BENAVIDES | IX21095 | | | | $5,000.00 | $5,915.84 |
| IFIC | 094791819 | LOPEZ-ARGUETA | II6K1052 | | | | $1,500.00 | $1,825.42 |
| IFIC | 097390728 | CORONEL-SANTANDER | CP106805 | | | | $25,000.00 | $27,750.70 |
| IFIC | 097513543 | RAMPERSAD | IV1338 | | | | $6,000.00 | $6,736.17 |

17

EXHIBIT A
INTERNATIONAL FIDELITY BONDS

| | | | | | | |
|---|---|---|---|---|---|---|
| IFIC | 042889711 | ALVARADO | CP-104809 | | $15,000.00 | $16,036.25 |
| IFIC | 042464157 | HAMILTON | CP106122 | | $20,000.00 | $21,010.00 |
| IFIC | 031106945 | ORTIZ-RIOFRIO | IZ 1804 | | $8,000.00 | $9,816.67 |
| IFIC | 028761609 | FLORES CASTILLO | IX 13123 | | $1,000.00 | $1,098.00 |
| | | | | | $765,750.00 | $879,458.04 |

18

**EXHIBIT "B"**

EXHIBIT B
ALLEGHENY BONDS

| DebtorName | ALIEN FILE NBR | ALIEN LAST NAME | BOND NBR | POWER NBR | BILL NBR | BreachDate | BILL NBR | BILL DATE | PENAL AMOUNT | CURRENT BALANCE DUE |
|---|---|---|---|---|---|---|---|---|---|---|
| ALLEGHENY | 074853528 | FERATOVIC | NEWS000757 | XX-4287 | DMC6B1099 | 1/18/2006 | DMC6B1099 | 10-Mar-06 | $5,000.00 | $6,543.33 |
| ALLEGHENY | 072770971 | RICHARD | BALS001322 | XZ-0828 | | 11/9/2001 | | 06-Nov-06 | $5,000.00 | $6,195.55 |
| ALLEGHENY | 077511923 | CENTENO PORTILLO | BALS001886 | XZ1964 | DMC7B0082 | 3/1/2006 | DMC7B0082 | 06-Nov-06 | $5,000.00 | $6,195.55 |
| ALLEGHENY | 074021510 | MOREJON | MIAS001367 | XV2192 | DMC7B0155 | 8/21/2006 | DMC7B0155 | 08-Nov-06 | $25,000.00 | $29,886.67 |
| ALLEGHENY | 043494489 | GUERRERO ROCHA | BALS001869 | XX-4442 | DMC7B0119 | 9/18/2006 | DMC7B0119 | 08-Nov-06 | $5,000.00 | $6,193.33 |
| ALLEGHENY | 072005322 | CHOLOPY | NEWS000843 | XV2161 | | 6/22/2006 | | 22-Nov-06 | $15,000.00 | $17,983.33 |
| ALLEGHENY | 079785455 | DIAZ-DOS SANTOS | SNDS006174 | XZ3078 | | 5/17/2005 | | 05-Dec-06 | $7,500.00 | $9,435.00 |
| ALLEGHENY | 041469392 | MCLENNAN | SNDS006494 | XX-4559 | | 9/6/2006 | | 16-Jan-07 | $3,500.00 | $4,480.84 |
| ALLEGHENY | 072001418 | PATEL | BALS002033 | XV2239 | DMC7B0593 | 10/23/2006 | DMC7B0593 | 22-Feb-07 | $25,000.00 | $30,264.71 |
| ALLEGHENY | 078511781 | SURIEL | MIAS001446 | XV2203 | | 11/30/2006 | | 05-Mar-07 | $20,000.00 | $24,196.67 |
| ALLEGHENY | 075450284 | BERNAVE | NEWS000742 | XX-4259 | | 12/15/2006 | | 19-Mar-07 | $5,000.00 | $6,192.23 |
| ALLEGHENY | 095831888 | HASSAN | NEWS001742 | XZ3144 | DMC7B1033 | 1/5/2007 | DMC7B1033 | 03-May-07 | $10,000.00 | $12,029.44 |
| ALLEGHENY | 027862566 | FORSTER | BALS001867 | XZ-1958 | DMC7B0976 | 12/14/2006 | DMC7B0976 | 03-May-07 | $10,000.00 | $12,029.44 |
| ALLEGHENY | 030214834 | CARRILLO-CARVAJAL | SNDS006294 | XZ3079 | | 8/29/2006 | | 23-May-07 | $10,000.00 | $11,963.88 |
| ALLEGHENY | 042954842 | LEWIS | BALS001664 | XZ-1760 | | 6/4/2007 | | 24-Sep-07 | $7,000.00 | $8,153.61 |
| ALLEGHENY | 077261898 | BONILLA-ALBERTO | BALS001789 | XZ-1837 | BFC8B0221 | 7/9/2007 | BFC8B0221 | 29-Nov-07 | $4,000.00 | $4,634.44 |
| ALLEGHENY | 031244761 | LOZANO-BARROS | MIAS001787 | XX4590 | BFC8B0470 | 10/22/2007 | BFC8B0470 | 04-Jan-08 | $3,500.00 | $4,057.39 |
| ALLEGHENY | 078018359 | CORONA-MENDIETA | SNDS007150 | XV2250 | BFC8B0967 | 12/17/2007 | BFC8B0967 | 06-Mar-08 | $10,000.00 | $11,160.28 |
| ALLEGHENY | 092151645 | SMART MCLEOD | SNDS006678 | XV2248 | BFC8B0965 | 12/17/2007 | BFC8B0965 | 06-Mar-08 | $50,000.00 | $55,401.39 |
| ALLEGHENY | 071552692 | OPARA | KROS000063 | XV514 | BFC8B1821 | 5/9/2008 | BFC8B1821 | 08-Aug-08 | $30,000.00 | $31,490.00 |
| TOTAL | | | | | | | | | $255,500.00 | $298,487.08 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV09-7012 JFW (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Gary A. Nye, Esq. (SBN 126104)
David R. Ginsburg, Esq. (SBN 210900)
Roxborough, Pomerance, Nye & Adreani, LLP
5820 Canoga Avenue, Suite 250
Woodland Hills, California 91367

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| International Fidelity Insurance Company, a New Jersey Corporation, Allegheny Casualty Company, a Pennsylvania corporation and AIA Holdings, Inc., a Delaware corporation PLAINTIFF(S) v. | CASE NUMBER<br><br>**CV09-7012 JFW** (FFMx) |
|---|---|
| United States Department of Homeland Security, Janet Napolitano, in her capacity as Secretary of United States Department of Homeland Security, United States Department of the Treasury, Timothy Geithner, in his capacity as Secretary of the Treasury   DEFENDANT(S). | **SUMMONS** |

TO:     DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within ___60___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  Roxborough, Pomerance, Nye & Adreani, LLP whose address is  5820 Canoga Avenue, Suite 250, Woodland Hills, California 91367_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   2 5 SEP 2009

By: _____
                    Deputy Clerk

                    *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| International Fidelity Insurance Company; Allegheny Casualty Company; AIA Holdings, Inc. | United States Department of Homeland Security, Janet Napolitano, in her capacity as Secretary of United States Department of Homeland Security, United States Department of the Treasury, Timothy Geithner, in his capacity as Secretary of the Treasury |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Roxborough, Pomerance, Nye & Adreani, LLP<br>5820 Canoga Avenue, Suite 250<br>Woodland Hills, CA 91367; (818) 992-9999 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff  □ 3 Federal Question (U.S. Government Not a Party)

☑ 2 U.S. Government Defendant  □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify):  □ 6 Multi-District Litigation  □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** □ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes  ☑ No  □ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
5 USC 701 et seq.; Injunctive and Declaratory Relief; Judicial Review of Agency Action

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 535 Death Penalty | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 490 Cable/Sat TV | | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities/ Exchange | □ 160 Stockholders' Suits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 190 Other Contract | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 196 Franchise | | □ 445 American with Disabilities - Employment | □ 630 Liquor Laws | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | REAL PROPERTY | REAL PROPERTY | □ 446 American with Disabilities - Other | □ 640 R.R. & Truck | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | □ 210 Land Condemnation | IMMIGRATION | □ 440 Other Civil Rights | □ 650 Airline Regs | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 220 Foreclosure | □ 462 Naturalization Application | | □ 660 Occupational Safety /Health | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 230 Rent Lease & Ejectment | □ 463 Habeas Corpus-Alien Detainee | | □ 690 Other | FEDERAL TAX SUITS |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 240 Torts to Land<br>□ 245 Tort Product Liability | □ 465 Other Immigration Actions | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 290 All Other Real Property | | | | □ 871 IRS-Third Party 26 USC 7609 |

CV09-7012

**FOR OFFICE USE ONLY:**  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

        ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

        ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

        ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | New Jersey <br> Pennsylvania |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date   9/25/09

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |